**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **NICOLE GLENN,** | ) | **CASE NO. 1:16CV2531** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiff's Objections (ECF DKT #16) to the Report and Recommendation (ECF DKT #15) of Magistrate Judge Thomas M. Parker, who recommends that the Court affirm the Commissioner's decision denying Plaintiff's Claim for Supplemental Security Income ("SSI"). For the following reasons, the Court ADOPTS Magistrate Judge Parker's Report and Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's Claims.

## BACKGROUND

The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the

facts.  For a complete overview of Plaintiff's medical history, see Magistrate Judge Parker's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to the dispute.

On September 30, 2013, Plaintiff filed an Application for Supplemental Security Income.  An administrative law judge ("ALJ") held a hearing and on November 2, 2015, the ALJ denied Plaintiff's claim.  After the Appeals Council denied review the decision of the Commissioner was affirmed.

On October 18, 2016, Plaintiff filed the instant Complaint challenging the Commissioner's final decision and asserted a single assignment of error: whether the ALJ failed to give appropriate weight to the opinion of the second consultative examiner, David V. House, Ph.D.   On October 16, 2017, the Magistrate Judge issued his Report and Recommendation.  On October 25, 2017, Plaintiff filed her Objections to the Report and Recommendation.  On November 1, 2017, Defendant filed a Response to Plaintiff's Objections.

**STANDARD OF REVIEW**

A district court's review of a final administrative decision of the Commissioner made by an ALJ in a Social Security action is not *de novo*.  *Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010) report adopted by 2011 WL 233697 (N.D. Ohio 2011).  Rather, a district court is limited to examining the entire administrative record to determine if the ALJ applied the correct legal standards in reaching his decision and if there is substantial evidence in the record to support his findings.  *Id. (citing Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005)).  "Substantial evidence" is evidence that a reasonable mind would accept to support a conclusion.  *Id. (See Richardson v. Perales*, 91 S. Ct. 1420, 1427 (1971)).

**LAW AND ANALYSIS**

Under the Act, 42 U.S.C. § 423(a), eligibility for benefit payments depends on the existence of a disability. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a).

The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. The ALJ further found that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from August 27, 2013, the date of application.

Here, Plaintiff argues that the ALJ erred by failing to give appropriate weight to Plaintiff's second consultative examiner, Dr. House. The Magistrate Judge points out that Dr. House is a non-treating source because he did not have an ongoing treatment relationship with her. 20 C.F.R. § 416.902. An opinion from a non-treating source is not entitled to special deference and the ALJ need not give "good reasons" for the weight afforded such opinions. See 20 C.F.R. § 416.927(c)(2); *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) (holding that "the SSA requires ALJs to give reasons for only treating sources").

The Magistrate Judge thoroughly evaluated the ALJ's decision and found that substantial evidence supported the determination that no marked limitations existed. In October 2013, at age 22, the Division of Disability Determination referred Plaintiff for a consultative examination by Michael Faust, Ph.D. Dr. Faust opined that Plaintiff had no limitations in any work-related mental abilities. On October 25, 2013, state agency consultant Irma Johnston, Psy.D., reviewed Plaintiff's claim file. Dr. Johnston found that there was evidence of a mental disorder resulting in mild difficulties of daily living and

3

maintaining social functioning, as well as moderate difficulties in maintaining concentration, persistence or pace, but that Plaintiff retained the ability to understand verbal instructions for simple, repetitive tasks. A state agency consultant affirmed the opinion of Dr. Johnston.

Plaintiff was referred to Dr. House for a second consultative examination. Dr. House opined that Plaintiff presented confused and disoriented at times, appeared depressed and complained of frequent crying episodes and constant panic attacks, tested in the borderline intelligence range for IQ, had marked limitations in all listed functional areas, including her ability to carry out instructions, concentrate, respond appropriately to coworkers and supervisors and handle work pressures. Dr. House stated that Plaintiff would be a significant disruption and dysfunction in a work environment.

The Magistrate Judge reviewed the ALJ's assessment of the conflicting opinions of Dr. House and Dr. Faust. The ALJ gave greater weight to Dr. Faust based on Plaintiff's testimony at the hearing as well as the examination report. The ALJ noted that Plaintiff reported different complaints to the two doctors regarding the reason she left her job and her cognitive abilities. The ALJ found that Plaintiff's complaints were not entirely credible. Dr. Faust noted that she did not have difficulty understanding instructions, she did not exhibit any symptoms of anxiety or depression and had no previous problems at work other than being unable to read or write. Dr. House reported that Plaintiff would be a significant disruption in a workplace, but there is no support in the record for such limitations. The Magistrate Judge points out that Plaintiff had successfully worked in various jobs.

As the Magistrate Judge states, the Court's review is limited to determining whether substantial evidence in the record supported the ALJ's findings of fact and whether the ALJ correctly applied the appropriate legal standards. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the

4

administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

The Court agrees with the Magistrate Judge's conclusion that substantial evidence supported the ALJ's decision, even though Dr. House's findings support an opposite conclusion. The court "must defer to an agency's decision even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) *citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997) (internal quotations omitted); *See also Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)( "If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion.")

## CONCLUSION

Based upon the foregoing analysis, the Court finds that Plaintiff's Objections are without merit and the Commissioner's decision denying Plaintiff's Application for Supplemental Security Income is supported by substantial evidence. Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #15) is ADOPTED and the Commissioner's denial of Plaintiff's Claim is AFFIRMED.

**IT IS SO ORDERED.**
**DATE: 11/30/17**

    *s/Christopher A. Boyko*
**CHRISTOPHER A. BOYKO**
**United States District Judge**